**AFFIRMED and Opinion Filed October 12, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01036-CR

### CHRISTOPHER MICHAEL MONTGOMERY, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F17-00182-H**

## MEMORANDUM OPINION
Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Bridges

A jury convicted appellant Christopher Michael Montgomery of aggravated robbery of a person sixty-five years of age or older. Appellant pleaded guilty to an enhancement paragraph,[1] and the trial court assessed an eighteen-year sentence. In a single issue, he argues the evidence is insufficient to support his conviction because the only evidence linking him to the offense came from the car he was driving two days after the offense. We affirm.

**Background**

On the evening of April 28, 2016, William Bertzyk was working the front cash register of a Family Dollar. He was also the store manager. A man wearing a mask, gloves, pants, and long-sleeved clothing walked in carrying a gun. He "held that gun up and cocked it." Bertzyk believed

---

[1] The indictment contained a prior November 21, 2003 felony enhancement for "THEFT $20,000."

the gun was some type of rifle or machine gun.  Even though he admitted when the man cocked the gun it sounded like "plastic," he was not taking any chances.

The gunman ordered everyone to the back of the store and Bertzyk complied.  Bertzyk ran to the men's restroom, and a female employee, Brenda Benfield, and the other customers hid in the women's restroom.  Bertzyk then called 9-1-1 and waited for officers to arrive.

Detective Eric Enriquez responded to the robbery in progress.  When he arrived, he checked the scene and then went to the restrooms to check on the employees.  Bertzyk described the suspect as, "Tall, heavyset black male wearing a mask, black clothing, black boots, carrying a two-toned AR-15."

Detective Enriquez reviewed surveillance video from the incident and testified the suspect in the video wore dark-colored blue jeans, black boots, and a long-sleeved black shirt.  It appeared from the video the suspect was giving directions and telling people where to go in a threatening manner.  At one point, the suspect jumped on the counter and pulled out the cash register.  Based on how easily the suspect manipulated the rifle, Detective Enriquez believed the gun was likely an airsoft gun rather than an AR-15.

From a second surveillance video, Detective Enriquez was able to see the car the suspect used to flee the scene.  He described it as a "two-door dark-colored, either black or blue, Toyota Solara."  He also said the car had "weird lights" and color "spoked wheels."

Officer Terry Paxton was on patrol the evening of April 30, 2016.  He was aware of a "be on the lookout" or "BOLO" for a blue, two-door Toyota Solara involved in a robbery.  He observed a vehicle matching the description slowly pull into a CVS as if to stop but then kept going down the road.  He followed the car and made a traffic stop after the car made an illegal wide right turn.  Officer Paxton identified the car he pulled over as the same one matching pictures of the car from the robbery two days earlier.  The man driving the car was wearing a black long-sleeved shirt, dark

jeans, and boots. Paxton identified appellant as the driver of the car. Officer Paxton ran the driver's name through the police database. The driver had warrants out for his arrest. He was then taken into custody.

Officer Daniel Jamieson inventoried the car. In the trunk of the car, Officer Jamieson found cash drawers, broken tills, and a tan "AR style paintball gun." He also retrieved a receipt from Family Dollar with the name "Brenda" dated April 28, 2016. Two more receipts with the same date from Family Dollar were also found in the trunk.

Bertzyk identified the till box recovered from the Solara's trunk as the same type used at Family Dollar. He also identified the three receipts found in the trunk as those from his store. Specifically, Brenda Benfield was one of the cashiers working that night and her name appeared on one receipt. Also, each receipt had the unique store number of that particular Family Dollar.

Appellant was arrested and indicted for robbery. Although defense counsel argued no one could identify appellant as the robber beyond a reasonable doubt, the jury convicted him.

**Discussion**

In a single issue, appellant argues the State did not prove his identity beyond a reasonable doubt because no one saw his face during the robbery, and the State presented no evidence he was the registered owner of the car. He contends that because the contents of the car could easily be transferred, any inference of guilt is "not very strong." The State responds the evidence is legally sufficient to support appellant's conviction based on his possession of recently stolen items, along with other circumstantial evidence linking him to the robbery.

When examining the legal sufficiency of the evidence, we consider the combined and cumulative force of all admitted evidence in the light most favorable to the conviction to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S.

307, 318–19 (1979); *Ramsey v. State*, 473 S.W.3d 805, 808 (Tex. Crim. App. 2015). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey*, 473 S.W.3d at 809. The trier of fact is the exclusive judge of the credibility and weight of the evidence and is permitted to draw any reasonable inference from the evidence so long as it is supported by the record. *Id.*

A person commits aggravated robbery if, in the course of committing theft and with the intent to obtain or maintain control of property, he causes bodily injury to another person or threatens or places another person in fear of imminent bodily injury or death, if the other person is sixty-five years or older. TEX. PENAL CODE ANN. §§ 29.02(a)(2), 29.03(a)(3)(A), § 31.03(a) (West 2011 & Supp. 2016).

Here, officers found stolen property in appellant's possession two days after the Family Dollar robbery. These items included cash drawers and a broken till from Family Dollar and receipts from the store with the same date as the robbery, including one with an employee's name on it. Bertzyk unequivocally identified these items as belonging to the Family Dollar. Further, appellant was the only occupant in the Toyota Solara when officers found the property.

The jury also reviewed recordings as well as photographs from the robbery in which the person robbing the store was wearing similar clothing and matched the same general physical description as appellant on the night he was arrested. Appellant was pulled over in the car matching the description of the one used in the robbery. The jurors could rationally conclude from this evidence appellant robbed the Family Dollar. Moreover, Bertzyk testified the robber threatened him with a two-toned AR-15 style gun. A black and tan "AR style paintball gun" was recovered from the Toyota Solara.

–4–

To the extent appellant argues the jury was "troubled" by the State's failure to establish who owned the car because they asked in a note, "We want to know who owns the car" and "Who is the owner of the blue Toyota," the State was not required to present direct evidence, such as definitive eye-witness testimony, that appellant was the robber. Rather, circumstantial evidence alone can be sufficient to support his conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

Viewing the evidence in the light most favorable to the verdict, we conclude a rational juror reasonably could find, based on all the evidence and the inferences drawn from the evidence, that appellant committed the aggravated robbery. *See Jackson*, 442 U.S. at 319. We overrule appellant's sole issue.

**Conclusion**

We affirm the trial court's judgment.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
171036F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

CHRISTOPHER MICHAEL
MONTGOMERY, Appellant

No. 05-17-01036-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F17-00182-H.
Opinion delivered by Justice Bridges.
Justices Francis and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered October 12, 2018.